UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LAVARSKI MONTEZ SHEFFIELD,

    Plaintiff,

v.                                                                          Case No.  5:20-cv-224-TKW/MJF

PARKER POLICE DEPARTMENT, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

The clerk of the court referred this case to the undersigned upon Plaintiff's failure to respond to the undersigned's order to show cause. For the reasons set forth below, the undersigned recommends that this civil action be dismissed without prejudice for failure to pay the filing fee and failure to comply with two court orders.[1]

### I. BACKGROUND

In August 2020, Plaintiff Lavarski Montez Sheffield commenced this action pursuant to 42 U.S.C. § 1983 against four Defendants: the Parker Police Department, Devin D. Collier, Shane Vann, and Bailey. (Doc. 1). Plaintiff did not pay the filing fee. He also did not submit a motion for leave to proceed *in forma pauperis*.

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

On September 22, 2020, the undersigned directed Plaintiff to pay the filing fee or move for leave to proceed *in forma pauperis*. (Doc. 3). The undersigned provided Plaintiff until October 23, 2020, to comply. (*Id.*). On September 23, 2020, Plaintiff's motion for leave to proceed *in forma pauperis* was docketed. (Doc. 4).

On September 28, 2020, the undersigned denied Plaintiff's motion for leave to proceed *in forma pauperis*. (Doc. 5). The undersigned directed Plaintiff to pay the filing fee or submit an amended motion for leave to proceed *in forma pauperis*. The undersigned provided Plaintiff until October 28, 2020, to comply.

After the deadline to comply had elapsed, the undersigned issued an order to show cause. (Doc. 8). The undersigned directed Plaintiff to explain why this case should not be dismissed for failure to pay the filing fee. The undersigned imposed a deadline of December 11, 2020, to comply.

Plaintiff filed a motion for leave to proceed *in forma pauperis*. (Doc. 12). The undersigned granted the motion and directed the clerk of the court to assess an initial partial filing fee of $8.83 as required by 28 U.S.C. § 1915(b)(1)(A). The undersigned provided Plaintiff until February 2, 2021, to comply. Plaintiff did not pay the initial partial filing the fee. Accordingly, the undersigned directed Plaintiff to show cause and explain why this case should not be dismissed for failure to comply with a court order and failure to pay the initial partial filing fee. The undersigned provided Plaintiff until March 15, 2021, to comply.

As of the date of this Report and Recommendation, Plaintiff has failed to pay the initial partial filing fee and has not shown good cause for his failure.

## II. DISCUSSION

**A.     FAILURE TO PAY THE FILING FEE**

Rule 5.3 of the Local Rules for the Northern District of Florida provides that "A party who files or removes a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis*." N.D. Fla. Loc. R. 5.3. When a prisoner brings a civil action and is granted leave to proceed *in forma pauperis*, the *in forma pauperis* statute directs the court to assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1).

A court may dismiss an action for failure to pay the filing fee so long as the court first affords the plaintiff an opportunity to explain the failure. *See Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014); *Wilson v. Sargent*, 313 F.3d 1315, 1320-21 (11th Cir. 2002). Additionally, Rule 41.1 of the Local Rules of the United States District Court for the Northern District of Florida provides that "the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken" if a party fails to comply with an applicable rule or court order.

Here, the court assessed an initial partial filing fee as required under 28 U.S.C. § 1915(b)(1)(A). Plaintiff failed to pay the initial partial filing fee. Despite

the undersigned issuing an order to show cause, Plaintiff did not explain his failure to pay the initial partial filing or seek an extension of time to comply with the undersigned's order. (Doc. 7). Accordingly, the undersigned recommends that this action be dismissed for failure to pay the filing fee.

**B.** **FAILURE TO COMPLY WITH TWO COURT ORDERS**

The Plaintiff's failure to comply with two court orders is yet another reason to dismiss this action. "A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Prop., Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87 (1961) (noting that a

district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1) The duration of Plaintiff's failure to comply.** On December 31, 2020, the undersigned directed Plaintiff to pay the initial partial filing fee by February 2, 2021. Thus, Plaintiff has failed to comply with the court's order since February 2, 2021.

**(2) Plaintiff's failure to comply with two court orders.** The Plaintiff has failed to comply with two court orders:

    a.    the order issued on December 31, 2020; and

    b.    the order issued on February 10, 2021.

**(3) Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned twice warned Plaintiff that failure to comply with the respective orders likely would result in dismissal. (Docs. 5, 8). Despite these warnings, Plaintiff has not complied with the undersigned's orders.

**(4) Plaintiff is not likely to suffer substantial prejudice from dismissal**. Plaintiff likely will not suffer substantial prejudice from the dismissal insofar as the

statute of limitations already ran before the commencement of this action, and this case also could be dismissed on that ground.[2]

**(5) The proper balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard.** The Plaintiff has been afforded an opportunity to be heard and has received due process consistent with the primary stage of his civil action. The court's need to ensure that court orders are obeyed, and the need to dispose of cases that are not

---

[2] Plaintiff commenced this section 1983 action on August 25, 2020. He alleges that Defendants used excessive force when arresting Plaintiff on August 21, 2014. In Florida, the statute of limitation for a section 1983 claim generally is four years. *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (citation omitted). The statute of limitations begins to run from the date "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Brown v. Ga Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003). Section 1983 claims, therefore, accrue when the plaintiff knows or has reason to know that he has been injured and is aware or should have been aware who has inflicted the injury. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987); *see Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("[T]he standard rule [is] that accrual occurs when the plaintiff has a complete and present cause of action."). The facts which would support Plaintiff's cause of action were apparent or should have been apparent on August 21, 2014, when Defendants allegedly used excessive force on Plaintiff. To timely commence a civil action on his claims, Plaintiff needed to file his lawsuit on or before August 21, 2018. Plaintiff did not do so. Rather, he filed his complaint nearly two years later. Plaintiff's complaint does not contain any allegations that the statute of limitations was tolled. This would entail a third reason to dismiss this civil action. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (holding dismissal is appropriate when "the allegations . . . show that relief is barred by the applicable statute of limitations."); *Foster v. Savannah Comm'n*, 140 F. App'x 905, 907 (11th Cir. 2005) (quoting *Avco Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982)).

being actively prosecuted, outweighs any due process right that Plaintiff may have in this case remaining pending and inactive.

**(6)  The public policy favoring disposition of cases on their merits.** The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition and the need to ensure compliance with court orders.

**(7)  The fact that any lesser sanction would be inefficacious.** Based on Plaintiff's prior conduct, it is likely that Plaintiff would ignore future orders directing Plaintiff to comply. Dismissal without prejudice is an appropriate sanction to address the important objectives and interest of justice discussed above.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for Plaintiff's failure to pay the filing fee and his failure to comply with two court orders.
2. The clerk of the court be directed to close the case file.

At Pensacola, Florida this 1st day of April, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**